Eastern District of Kentucky
F I L E D
OCT 1 9 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO. 04-618-GWU

TERRY SPURLOCK,                                         PLAINTIFF,

VS:                          MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                        DEFENDANT,

## INTRODUCTION

Terry Spurlock brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes,

1

the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742

2

F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

The Farris decision provides that a fairly liberal standard should be used in evaluating whether a claimant's impairment is severe. An impairment can be considered as not severe only if the impairment is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, and work experience." Farris, 773 F.2d 85, at 88.

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Spurlock, a 49-year-old former truck driver with a high school education, did not suffer from a "severe" impairment which would meet the 12-month durational requirement. (Tr. 14, 17). Therefore, the plaintiff could not be considered totally disabled. (Tr.

3

17).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The medical record reveals that Spurlock was seen on several occasions by Dr. Bachar Kassem of the Commonwealth Cancer Center of Somerset between March of 2000 and September of 2002. (Tr. 143-168). No long-term functional restrictions were identified.

In May of 2002 while under the care of Dr. Kevin Kavanaugh, Spurlock underwent an esophagoscopy, a laryngoscopy, laser excision of an oropharyngeal tumor, and a complete lymphadenectomy with neck dissection at Lake Cumberland Regional Hospital. (Tr. 92-128). The claimant was treated at Lake Cumberland again in July of 2002, with complaints of dysphagia and gastritis. (Tr. 129-132). A G-tube was inserted to aid his nutrition. (Tr. 129-130). Spurlock was seen once more at Lake Cumberland later that month and treated for abdominal wall cellulitis, abdominal pain, and dysphagia. (Tr. 133-142). The plaintiff was seen for follow-up by Dr. Kavanaugh between May of 2002 and November of 2002. (Tr. 169-179). When last seen in November of 2002, the doctor noted that the claimant's carcinoma remained in remission. (Tr. 170). Spurlock's voice was normal in quality for his age. (Tr. 170). He appeared to be a normally developed and nourished male. (Tr. 170). Dr. Kavanaugh did impose any long-term functional limitations upon the plaintiff.

Dr. John Rawlings (Tr. 180) and Dr. Kenneth Phillips (Tr. 181) each reviewed the medical record. Neither reviewer thought that Spurlock suffered from a "severe" impairment which satisfied the one-year durational requirement

4

of the administrative regulations.

Spurlock underwent an MRI Scan of the cervical spine in January of 2003 at Lake Cumberland at the request of Dr. Laura Simons. (Tr. 183-185). Dr. Simons also did not identify any functional restrictions.

The ALJ properly determined that Spurlock did not suffer from a "severe" impairment which would last for at least 12 months. No treating or examining source identified long-term functional limitations and each of the reviewers thought that the plaintiff's impairments were "less than severe." Therefore, substantial evidence supports the administrative decision.

Spurlock argues that ALJ erred in failing to properly develop the medical record. The plaintiff notes having indicated on a form that he had obtained additional medical treatment from Doctors Kassem and Kavanaugh in the winter and spring of 2003 as well as seeing a Dr. Khan and a Dr. El Naggar in the winter of 2003. (Tr. 76). None of these records were included in the record. Dr. El-Naggar was said to have imposed significant functional limitations which would support his claim of suffering from a "severe" impairment. (Tr. 76). The claimant asserts that reversible error was committed by the ALJ in failing to obtain any of these medical records. However, as noted by the defendant, Spurlock carried the burden of proving his disability claim. The record reveals that the plaintiff's representative was twice invited to submit additional evidence into the record prior to the administrative hearing. (Tr. 82, 182). The representative did obtain and submit the MRI Scan from Dr. Simons in December of 2003. (Tr. 183). At the February 2004 hearing, the representative specifically reported to the ALJ that the record was complete. (Tr. 189). Furthermore, the claimant has not submitted any of these alleged relevant medical records to either the Appeals Council or the Court. Therefore, under

5

these circumstances, the undersigned must reject Spurlock's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the  19  day of October 2005.

G. WIX UNTHANK
SENIOR JUDGE